IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EL PINTO FOODS, LLC,**
A New Mexico Limited Liability Company

       **Plaintiff,**

                                                                    **12cv1293 KBM-RHS**

vs.

**OCEAN SPRAY CRANBERRIES, INC.**
A Foreign Corporation,

       **Defendant.**

**ORDER DENYING WITHOUT PREJUDICE
<u>PLAINTIFF EL PINTO'S REQUEST FOR LETTERS ROGATORY</u>**

THIS MATTER comes before the Court on Plaintiff El Pinto's Request for Letters Rogatory (Doc. 43). After reviewing the Request (Doc. 43), Ocean Spray's Response (Doc. 52) and Plaintiff's Reply (Doc. 53), the Court concludes that the Request is generally well-taken but will be denied without prejudice to re-file the request at such time that Plaintiff can (1) provide the Court with a clearer procedure regarding issuance of letters rogatory and (2) focus the discovery requests so as not to unduly burden a non-party outside the Court's jurisdiction. Should Plaintiff choose to re-file the Request, it must address the following concerns.

**Issuance of Letters Rogatory by the Court:** Plaintiff has not submitted a draft letter for the Court's signature. Plaintiff has not provided the Court with any information regarding to whom such a letter would be sent. In the Request, Plaintiff mentions "Canadian authorities," (Doc. 43 at 1), "letters rogatory directed at Ontario," (Doc. 43 at 3), and then lists the private company on a sample subpoena (Doc. 43 at 7), but Plaintiff does not mention a Canadian court. Pages 2 and 3 of the subpoena appear to be from a different case, in that the dates are in the past, it references service in Bernalillo County, and mentions an attorney who is not involved in this suit. The Request cites Fed. R. Civ. P. 28 (b)(3), which states, "When a letter of request . . . is

used according to a treaty or convention, it must be captioned in the form prescribed by the treaty or convention." However, Plaintiff has not referenced which treaty or convention is relied upon for this Court to make discovery demands across an international border. If Plaintiff decides to re-file the application for a letter of request, Plaintiff is asked to provide any and all procedural details for the undersigned and the Clerk of the Court to fully consider how such a request would be effected.

**Specific Discovery Requests:** Plaintiff's discovery requests as currently written are broader than what would be allowed between parties to the suit. If Plaintiff wishes re-file the Request to a third-party, the requests must be focused.

1. Plaintiff seeks from E.D. Smith & Sons Limited, "Any and all recipes, formulas, ingredient lists, manufacturing procedures, technical change orders, technical notification changes, specifications, and any other information related to the development of and manufacture of salsa." This request must be limited to a specific timeframe that is relevant to Plaintiff's claims. Given that Plaintiff's suit is against Defendant, not E.D. Smith, it must also narrowly tailor the discovery request to Defendant's alleged wrongdoings.

2. Plaintiff asked for, "Any and all written communication between any employee of E.D. Smith and any employee of Ocean Spray Cranberries Inc." Like above, Plaintiff must specify a timeframe that is relevant to the claims, and narrow the request to fit with the claims in the lawsuit.

3. Plaintiff requests, "Any and all agreements, contracts, memorandums of understanding, and any other document expressing a relationship between E.D. Smith and Ocean Spray Cranberries Inc." Again, Plaintiff must state a timeframe and link the request to Plaintiff's claims against Defendant.

4. Plaintiff seeks, "Any and all photographs, videos, drawings, designs, and any other visual and/or audiovisual depictions related to salsa." This request must have a timeframe relevant to the suit, and be focused on the claims against Defendant, rather than a general request for information to a third party about its business operations.

5. Finally, Plaintiff asked for, "Any and all documents related to the commissioning process for any salsas manufactured by E.D. Smith." Given that E.D. Smith was in the salsa business before the allegations that give rise to this suit, Plaintiff must narrow this request in terms of the timeframe and the request must relate to the claims against Defendant.

Each request must also be narrowly focused on the specific trade secret that Plaintiff alleges Defendant misappropriated and shared with the third-party. Further, the Court requests that counsel collaborate on the discovery process so that Plaintiff may obtain as much discovery as possible from Defendant in order to narrow and focus any requests that may be made to a non-party located in another country.

_____
ROBERT HAYES SCOTT
U.S. MAGISTRATE JUDGE