IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EL PINTO FOODS, LLC, a New Mexico**
**Limited Liability Company,**

    Plaintiff,

v.                                              Civil No. 12cv1293 KBM/RHS

**OCEAN SPRAY CRANBERRIES, INC.,**
**A Foreign Corporation,**

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION
## TO COMPEL PRODUCTION OF DOCUMENTS

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Production of Documents (Docs. 66 & 67). The Court has considered the Motion together with Defendant Ocean Spray's Response (Doc. 76) and Plaintiff's Reply (Doc. 85) as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the motion is not well-taken and should be denied at this time.

Plaintiff seeks an order from the Court compelling Defendant Ocean Spray to respond to Requests for Production Nos. 30 and 31 of Plaintiff's Third Set of Requests for Production. The request and response are:

> **REQUEST NO. 30:** Produce any and all written communications between any employee, officer or agent of Ocean Spray Cranberries, Inc. ("Ocean Spray") and any employee, officer or agent of the E.D. Smith & Sons Limited company ("E.D. Smith"), including letters, emails, text messages, faxes, and any other form of electronic communication.
> **RESPONSE:** Ocean Spray assumes that the documents sought in this request are different from those sought in Request No. 31. Otherwise, Request No. 31 is redundant and requires no response, contrary to general rules of construction. Ocean Spray otherwise objects to this request and will not produce documents in response. There are no claims pending in this litigation to which this discovery is relevant or likely to lead to admissible evidence. Ocean Spray acknowledges that El Pinto seeks

to amend its complaint, but Ocean Spray opposes that amendment, and there has yet been no ruling. Ocean Spray further objects to the request as overbroad and unduly burdensome. The request contains no limitation with respect to time period or subject matter. This unlimited scope assures that the time and expense associated with the requested document search, review and production outweigh any likely benefit that may flow from the effort.

**REQUEST NO. 31:** Produce any and all documents regarding salsa sent by any employee, officer, or agent of Ocean Spray to any employee, officer, or agent of E.D. Smith, including documents containing and/or describing formulae, patterns, compilations, programs, devices, methods, techniques, processes, drawings, recipes, photographs (including digital), audiovisual recordings, sample products, and recipes.
**RESPONSE:** Ocean Spray objects to this request and will not produce documents in response. There are no claims pending in this litigation to which this discovery is relevant or likely to lead to admissible evidence. Ocean Spray acknowledges that El Pinto seeks to amend its complaint, but Ocean Spray opposes that amendment, and there has yet been no ruling. Ocean Spray further objects to the request as overbroad and unduly burdensome. The request contains no limitation with respect to time period and no material limitation as to subject matter. This unlimited scope assures that the time and expense associated with the requested document search, review and production outweigh any likely benefit that may flow from the effort. Further, and to the extent El Pinto's motion for leave to amend may be granted, *Ocean Spray objects to any discovery directed at Ocean Spray's trade secrets and proprietary information prior to El Pinto disclosing the specific trade secrets it claims have been misappropriated by Ocean Spray.* In the absence of such disclosure this request is a premature fishing expedition which is overbroad and unduly invasive in scope. (Italics added).

Since this discovery dispute originally arose, Plaintiff has filed an Amended Complaint (Doc. 57) and alleges violation of the Trade Secrets Act (Doc. 57 at 7). Therefore, Defendant's argument that there are not any claims to which the discovery request is relevant is now moot. The Defendant's primary argument for not responding to the discovery requests is that Plaintiff has not defined the alleged misappropriated trade secrets with reasonable particularity (Doc. 76 at 2 et seq.). Plaintiff's Reply brief does not address trade secret law at all.

Plaintiff must identify its trade secrets with reasonable particularity before it may compel discovery of its adversary's trade secrets. L-3 Comms. Corp. v. Jaxon Eng'g & Maint., Inc., 2011 U.S. Dist. Lexis 117757 (D. Colo. Oct. 12, 2011). The L-3 Comms. Corp. Court listed three reasons why such a requirement makes sense: (1) it places the defendant on notice of what

has been allegedly misappropriated, (2) it prevents the defendant from disclosing trade secrets that are not part of the plaintiff's suit, and (3) it prevents the plaintiff from molding its case around the trade secrets it receives in discovery. In addition to these persuasive reasons for requiring Plaintiff to specify the alleged misappropriated trade secrets, the Court notes that the trial court would also need a clear statement of the allegedly misappropriated trade secrets to rule upon any dispositive motions regarding that cause of action.

Therefore, Plaintiff's Motion to Compel will be denied at this time. However, it is denied without prejudice for Plaintiff (1) to state with particularity the alleged misappropriated trade secret(s), (2) serve amended discovery requests within the existing discovery deadlines, and (3) if necessary, file a motion to compel if parties are not able to resolve their dispute. With regard to (1), stating the alleged misappropriated trade secret(s) with particularity, the Court leaves it to Plaintiff to decide whether to seek a protective order for such statements, to file the statements under seal, or to pursue other means agreeable to the parties to protect their intellectual property. As for (2), serving amended discovery, the Court urges Plaintiff to consider appropriate limitations on timeframes and subject matter for Requests for Production Nos. 30 and 31 and to amend accordingly. Any further motion to compel must comply with Fed. R. Civ. P. 37(a)(1) by including a certification of good faith in resolving the dispute without court action.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Production of Documents (Doc. 66) is hereby denied at this time, but without prejudice to file an additional motion to compel after following the steps outlined above.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE